WO                                                                          KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melinda Gabriella Valenzuela, | No. CV 19-05045-PHX-MTL (MHB) |
| Plaintiff, | |
| v. | **ORDER** |
| Kendall Grey, et al., | |
| Defendants. | |

On August 27, 2019, Plaintiff Melinda Gabriella Valenzuela,[1] who is confined in the Arizona State Prison Complex-Florence, filed a "Motion for Leave to File Pursuant to Court Order" and an Application to Proceed In Forma Pauperis and lodged a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. In a December 4, 2019 Order, the Court granted the Motion to File; directed the Clerk of Court file the Complaint; and denied the Application to Proceed with leave to refile. On December 13, 2019, Plaintiff filed a Motion for Status and a Motion to Provide Documents Under Seal. On January 2, 2020, Plaintiff filed a new Application to Proceed In Forma Pauperis. In a February 10, 2020 Order, the Court granted the Application to Proceed; dismissed the Complaint with leave to amend; granted the Motion for Status; and granted the Motion to Provide Documents Under Seal.

---

[1] Plaintiff has also filed Complaints under the names Enrique Gabrielle Mendez, Enrique Mendez-Valenzuela, and Quennell Glover. Plaintiff is biologically male, but identifies as female and refers to herself with feminine pronouns.

On March 5, 2020, Plaintiff filed a Motion for Extension of Time to Amend Complaint (Doc. 20). On March 17, 2020, Plaintiff filed a Motion to File Under Seal (Doc. 21) and lodged medical records related to her condition (Doc. 22). Plaintiff also filed a Motion for Leave to File First Amended Complaint (Doc. 23) and lodged a First Amended Complaint (Doc. 24).

The Court will grant the Motion for Extension of Time; accept the First Amended Complaint as timely filed; grant the Motion to File Under Seal; direct the Clerk of Court to file the lodged medical records under seal; grant the Motion for Leave to File; direct the Clerk of Court to file the First Amended Complaint; order Defendants Grey, Stewart, Carrol, and Weekly to answer Count One of the First Amended Complaint; and dismiss the remaining claims without prejudice.

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## II. First Amended Complaint

Plaintiff names the following Defendants in her three-count First Amended Complaint: Dental Director Kendall Grey, Medical Director Rodney Stewart, Doctor Amanda Carrol, and Dental Manager Carlos Weekly. Plaintiff seeks injunctive relief and money damages.

In Count One, Plaintiff alleges that from May 2019 to present, Defendants Carrol and Weekly have denied her treatment for paresthesia to the right side of her face. Plaintiff states that she had been prescribed gabapentin 800 mg but that when she was transferred to Kasson Unit in April 2019, the medication was discontinued. Plaintiff alleges Defendants Carrol, Grey, and Weekly "are aware that she needs [the medication] to treat her trigeminal neuralgia and she has personally been seen by [Defendants Carrol, Weekly, Grey, and Stewart] for these issues." Plaintiff also asserts that in April 2019, she informed these Defendants of her condition and that her medications had been stopped. Plaintiff contends Nurse Practitioner Eze has not reordered the medication and Plaintiff suffers pain "to her head like needles stabbing her and can only be treated by gabapentin."

In Count Two, Plaintiff raises similar claims for relief and states she has not received any treatment since April 2019.

In Count Three, Plaintiff alleges Defendants "have not complied with the

TERMPSREF

- 3 -

recommendations and orders of the oral surgeon they sent her to who said [Plaintiff] needed to see another doctor due to [her] jaw issue and may need to have surgery by the doctor." Plaintiff claims Defendants have denied her a consultation with a specialist and "this is an emergency as she has a lesion on the back of her head that could kill her at any time."

**III.     Failure to State a Claim**

    **A.     Count Two**

Plaintiff's allegations in Count Two are duplicative of Count One and will be dismissed.

    **B.     Count Three**

In Count Three, Plaintiff claims Defendants are not complying with recommendations of an oral surgeon. The Court has already considered and ruled on the merits of this claim in Plaintiff's previously filed case, CV 16-04120. In that case, the Court noted that Plaintiff was examined on November 22, 2016, by dentist Dr. L. Russell for continued evaluation of her facial paresthesia and the exam showed significant paresthesia of the entire right trigeminal sensory distribution. (Doc. 134 in CV 16-04120 at 7.) Dr. Russell "also opined that the best explanation for this was a vascular lesion at the base of [the] brain, for which he recommended that Plaintiff receive an MRI." (*Id.* at 8.) Dr. Babich, Plaintiff's treating physician at the time, opined that "despite Dr. Russell's recommendation, Plaintiff's entire clinical picture did not show any other possible neurological defects to support the need for brain imaging." (*Id.*) The Court concluded:

> Dr. Babich's mere disagreement with other providers' recommendations that Plaintiff see a neurologist to further assess the cause of her paresthesia, when Dr. Babich found that Plaintiff had no other neurological symptoms that would indicate the need for such further assessments, also does not show deliberate indifference. . . . Similarly, the decision to treat Plaintiff with Gabapentin for 'a localized problem, causing discomfort and not affecting swallowing' does not show deliberate indifference where the evidence shows Gabapentin is the recommended treatment for paresthesia, and dentist Dr. Grey also determined that Plaintiff's paresthesia

was likely irreversible and additional referrals or imaging would be ineffective.

(*Id.* at 14-15) (citations omitted.)

The medical documents submitted by Plaintiff on March 17, 2020, indicate that her claims are based on the November 22, 2016 examination by Dr. Russell and not on new diagnoses or injuries. Because the Court has already ruled on this issue in CV 16-04120, the Court will dismiss Count Three.

**IV.   Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has adequately stated an Eighth Amendment medical claim in Count One against Defendants Grey, Stewart, Carrol, and Weekly for the alleged discontinuation of gabapentin or other treatment for Plaintiff's paresthesia. The Court will require Defendants Grey, Stewart, Carrol, and Weekly to answer Count One in their individual capacities.

**V.   Warnings**

   **A.   Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of release, either (1) notify the Court that she intends to pay the unpaid balance of the filing fee within 120 days of her release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

   **B.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   **C.   Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that she files. Fed. R. Civ. P. 5(a). Each filing must include a

TERMPSREF

- 5 -

certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's March 5, 2020 Motion for Extension of Time to Amend (Doc. 20) is **granted**; the Court will accept the March 17, 2020 First Amended Complaint as timely filed.

(2) Plaintiff's Motion to File Under Seal Documents (Doc. 21) is **granted**; the Clerk of Court must file under seal the medical records lodged at Document 22.

(3) Plaintiff's Motion for Leave to File (Doc. 23) is **granted**; the Clerk of Court must file the lodged First Amended Complaint.

(4) Counts Two and Three are **dismissed** without prejudice.

(5) Defendants Grey, Stewart, Carrol, and Weekly must answer Count One of the First Amended Complaint.

(6) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint, this Order, and both summons and request for waiver forms for Defendants Grey, Stewart, Carrol, and Weekly.

(7) Plaintiff must complete[2] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

---

[2] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

(8) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(9) The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(10) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order.

(11) A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(12) The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for

TERMPSREF

- 7 -

photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(13) Defendants must answer Count One of the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(14) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(15) This matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 8th day of April, 2020.

Michael T. Liburdi
United States District Judge