LAW OFFICES
BROENING OBERG WOODS & WILSON
PROFESSIONAL CORPORATION
2800 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
TELEPHONE: (602) 271-7700
FACSIMILE: (602) 258-7785
Sarah L. Barnes /Bar No. 020362
E-mail: slb@bowwlaw.com
kel@bowwlaw.com

Attorneys for Defendants Rodney Stewart,
Amanda Carroll, Carlos Weekly and
Kendall Grey

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melinda Gabriella Valenzuela,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Adam Perkins, *et. al*,<br><br>　　　　　Defendants. | No. CV 19-05045-PHX-MTL (MHB)<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

Defendants Rodney Stewart, Amanda Carroll, Carlos Weekly and Kendall Grey ("Defendants") with respect to allegations pertaining to the timeframe on or after July 1, 2019, by and through undersigned counsel, hereby answer Plaintiff's First Amended Complaint (Dk. No. 27), pursuant to this Court's Order dated April 8, 2020 (Dk. No. 25), as follows:

1. Defendants admit that venue is proper, and this Court has jurisdiction over this matter pursuant to 42 U.S.C. §1983 or the Eighth Amendment. However, Defendants deny any allegations pertaining to or implying liability for damages or injunctive relief and deny they are depriving Plaintiff of any rights under any state, federal or common law.

2. Defendants admit that Plaintiff was in ADOC custody during the timeframe

of the events alleged, and they admit that Centurion of Arizona, L.L.C. ("Centurion") began providing healthcare at the State-run prisons on July 1, 2019, and that as of that date they began providing healthcare for Centurion.

3. Defendants Stewart, Carroll, Weekly and Grey deny Plaintiff's allegations in Count I of the First Amended Complaint, pertaining to or implying liability or need for injunctive relief or damages, and specifically deny that they failed to provide adequate medical care to Plaintiff regarding the issues complained of by Plaintiff in Count I regarding pain medications, and deny that they have been deliberately indifferent to Plaintiff's serious medical needs.

4. With respect to administrative remedies, Defendants admit that there are administrative remedies available to the inmates. Defendants are without sufficient information to admit or deny whether Plaintiff exhausted administrative remedies and therefore deny the same.

5. Defendants also aver that the medical and institutional records speak for themselves as to Plaintiff's ongoing medical care and conditions. To the extent that Plaintiff's First Amended Complaint contains allegations regarding ongoing care that are not consistent with or addressed within the records, they are herein denied.

6. Defendants deny any and all allegations not specifically admitted herein, which pertain to or imply any liability as to these Defendants on or after July 1, 2019, and the allegations for actions/inaction prior to July 1, 2019, are being addressed by separate counsel for Defendants.

**AFFIRMATIVE DEFENSES**

1. Defendants deny that Plaintiff has been denied any right protected by the United States Constitution, the United States Code, or any state constitutions or laws.

2. Plaintiff fails to state a claim upon which relief may be granted.

- 2 -

3. Plaintiff has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA), thereby warranting dismissal of the case. *See* U.S.C. §1997e(a).

4. Defendants allege that no custom, policy or practice exists or existed which may be shown to be the moving force behind any alleged constitutional violation.

5. Defendants allege that any actions by them furthered or furthers a legitimate interest in providing appropriate care and treatment to Plaintiff, thereby warranting dismissal of Plaintiff's claims.

6. Defendants plead the affirmative defense of failure to mitigate damages.

7. Defendants plead the affirmative defense of contributory negligence and assumption of risk.

8. Defendants affirmatively assert that they are not liable for the policies and procedures of any other Defendant, contracted provider, outside provider or outside facility and/or any non-party at fault.

9. Plaintiff merely disagrees with his course of medical treatment, which is not actionable under 42 U.S.C. §1983.

10. Plaintiff alleges only a difference of opinion among his medical providers, which is not actionable under 42 U.S.C. §1983.

11. The injuries and damages alleged in the First Amended Complaint, if any, were proximately caused by the acts or the omissions of Plaintiff, other Defendants, third persons or entities and/or other non-parties at fault for which Defendants are not liable.

12. In order to avoid waiver, Defendants assert the following defenses should discovery reveal these defenses are appropriate, specifically, the affirmative defenses set forth in Rule 8(c), F.R.C.P. and Rule 12.

13. Plaintiff's claims are barred by the statute of limitations.

14. Defendants aver they are entitled to qualified immunity.

15. Defendants reserve their right to amend their affirmative defenses and to add new affirmative defenses in the event future discovery reveals the existence of or need for the same.

**JURY DEMAND**

16. Defendants demand a trial by jury of all triable issues.

**WHEREFORE**, having fully answered Plaintiff's First Amended Complaint, Defendants pray for judgment against Plaintiff as follows:

1. Dismissing the First Amended Complaint as to these Defendants with prejudice;

2. Awarding Defendants such other and further relief as the Court deems just and reasonable under the circumstances.

RESPECTFULLY SUBMITTED 21st day of July, 2020.

                BROENING OBERG WOODS & WILSON, P.C.

                By: /s/ Sarah L. Barnes_____
                    Sarah L. Barnes
                    2800 North Central Avenue
                    Suite 1600
                    Phoenix, Arizona  85004
                    Attorneys for Defendants Rodney Stewart,
                    Amanda Carroll, Carlos Weekly and
                    Kendall Grey

CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, with copies submitted by U.S. mail and/or electronically to the following recipients:

Melinda G. Valenzuela #172770
ASPC Florence
Kasson Unit
P.O. Box 8200
Florence, AZ 85132
*Plaintiff Pro Se*

/s/ Kathy Lake